IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HACIENDA MANAGEMENT, S. DE R.L. DE C.V., <br><br>  Plaintiff, <br><br> v. <br><br> STARWOOD CAPITAL GROUP GLOBAL I LLC, et al., <br><br>  Defendants. | Case No. 12-0395 SC <br><br> ORDER REQUIRING SUPPLEMENTAL BRIEFING |

    Plaintiff brings the instant action asserting various claims sounding in tort. ECF No. 1. Defendants now move to dismiss on the ground that Plaintiff's claims are barred by res judicata because Plaintiff brought similar contract claims in earlier arbitration proceedings. ECF No. 22 ("MTD"). Defendants specifically point to an arbitration award that was confirmed by the Supreme Court of the State of New York. See ECF No. 23-1 ("RJN") Ex. A ("NY Judgment").

    Both Plaintiff and Defendants contend that the Court must apply California law to determine the res judicata effect of the New York Judgment. MTD at 10; ECF No. 26 ("Opp'n") at 3. It is unclear that this is the correct approach. Ninth Circuit case law suggests that the Court "must accept the [res judicata] rules chosen by the State from which the [first] judgment is taken."

Noel v. Hall, 341 F.3d 1148, 1166 (9th Cir. 2003) (quoting Kremer v. Chem. Constr. Corp., 456 U.S. 461, 482 (1982)). In other words, it appears that New York law should apply to determine the preclusive effect of the New York arbitration cited by Defendants.

Accordingly, the Court ORDERS the parties to submit supplemental briefing concerning what law the Court should apply to determine the claim preclusive effect of the New York Judgment and how that law bears on the outcome of the instant motion. The supplemental briefs shall be no longer than ten (10) pages and shall be filed with the Court within fourteen (14) days of this Order. Response briefs are neither required nor permitted.

IT IS SO ORDERED.

Dated: May 30, 2012

UNITED STATES DISTRICT JUDGE

2